D. Maimon Kirschenbaum
Denise Schulman
Charles Joseph
JOSEPH, & KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff and proposed*
*FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | |
|---|---|
| **DAVID LOLA, on behalf of himself and all others similarly situated,** | **INDEX NO: 13 CIV. 5008 (RJS)** |
| **Plaintiff,** | **FIRST AMENDED COMPLAINT** |
| | **FLSA COLLECTIVE ACTION** |
| **v.** | **DEMAND FOR JURY TRIAL** |
| **SKADDEN, ARPS, MEAGHER, SLATE & FLOM LLP and TOWER LEGAL STAFFING, INC.,** | |
| **Defendants.** | |

-------------------------------------------------------x

Plaintiff David Lola, on behalf of himself and all others similarly situated, alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2.     Venue is proper in this District because Defendants are residents of this District.

### THE PARTIES

1

3.     Defendant Skadden, Arps, Meagher, Slate & Flom, LLP ("Skadden"), a Delaware limited liability partnership, is a prominent law firm headquartered in New York City. With nearly 2,000 attorneys, it is one of the largest, most prestigious, and highest-grossing law firms in the world.

4.     Skadden maintains a New York office in midtown Manhattan.

5.     Skadden has an annual gross volume of business done in excess of $500,000.

6.     Defendant Tower Legal Staffing, Inc. ("Tower") is a New York corporation that provides attorneys and paralegals on a contract and direct-hire basis to law firms and corporate law departments.

7.     Tower maintains an office at 65 Broadway, New York, NY.

8.     Tower has an annual gross volume of business done in excess of $500,000.

9.     Plaintiff David Lola ("Plaintiff") is a North Carolina resident.  He is an attorney. He was hired by Defendants and began work in April of 2012 on a temporary basis to review documents for Skadden relating to a multi-district litigation pending in the Northern District of Ohio (the "MDL Litigation").  Mr. Lola worked on the document review project for approximately 15 months.

10.     Mr. Lola was explicitly informed by Tower that he was an employee of Tower for purposes of this project.  Tower instructed Mr. Lola to comply with Tower's procedures.  Tower paid Mr. Lola directly.  Upon information and belief, Skadden paid Tower for Mr. Lola's services, and Mr. Lola's pay rate from Tower did not exceed the this amount.

11.     Mr. Lola was also explicitly informed that he was to follow Skadden's policies and procedures during the project, and Mr. Lola's work was directed and supervised by Skadden attorneys.

2

12.     Upon information and belief, the precise procedures as to how Mr. Lola was to perform his job, i.e., what search terms Mr.Lola should locate on the reviewed documents and what should be done when such terms were found, were determined by Skadden.

13.     Upon information and belief, Skadden  maintained records of Mr. Lola's actual hours worked.

14.     Skadden had the power to terminate Mr. Lola's work for Skadden.  In addition, while Mr. Lola was working for Skadden, Skadden attorney Amy St. Amand interviewed Mr. Lola for a team lead position.  Skadden did not select Mr. Lola for the team lead position.

15.     Accordingly Skadden and Tower were joint employers under the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all individuals employed by Defendants for the purpose of reviewing documents for the MDL Litigation on or after the date that is three years before the filing of the Complaint in this case as defined herein who were paid an hourly wage and worked over 40 hours in a week ("FLSA Collective Plaintiffs").

17.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their regular rate of pay for work in excess of forty (40) hours per workweek.  The claims of the Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

19.     Plaintiff's consent to sue form is attached hereto as Exhibit A.

20.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

21.     Defendants employ attorneys for document review projects on a temporary or short-term basis.   Specifically, these individuals view hundreds of documents each day for the purpose of sorting the documents into certain categories identified by Defendants.

22.     The legal services industry has for years been exploiting individuals with law degrees looking for short-term work by hiring them for document review projects that do not in any way resemble the practice of law.  The document reviewers are required to work long hours at relatively low hourly rates ($25 per hour in this case) with no overtime premium compensation for hours worked in excess of 40 per workweek.

23.     To justify this exploitative practice, the legal industry insists that because these individuals have law degrees, they are performing high level work a nature that is exempt under the FLSA.  This "justification" is extremely disingenuous because (a) as outlined below, the work is not the practice of law, and (b) the documents reviewers' compensation is very low, especially in light of  the general profitability of the law firms and their attorneys.

24.     Plaintiff worked for Defendants as a document reviewer.  He was required to review documents under very specific guidelines set forth by Defendants and to sort the documents based on those guidelines.

25.     Given the extremely routine nature of Plaintiff's job duties while employed by Defendants, Plaintiff was not exempt from the FLSA's overtime requirements.

26.     Specifically, Skadden gave Plaintiff a list of search terms to identify within a set of documents.  Depending on what search terms, including keywords and names of certain attorneys/law firms, if any, appeared in the documents, Plaintiff was instructed to mark each document electronically in a certain category.

27.     Most of the documents had already been "pre-marked" by the software system Defendants used.

28.     Plaintiff's entire responsibility while working for Defendants consisted of (a) looking at documents to see what search terms, if any, appeared in the documents, (b) marking those documents into the categories predetermined by Defendants, and (c) at times drawing black boxes to redact portions of certain documents based on specific protocols that Defendants provided.

29.     Defendants provided Plaintiff with extremely detailed protocols to follow if and when certain terms appeared or did not appear in each document, and Plaintiff was not required or allowed to exercise any independent judgment in carrying out these protocols.  Plaintiff was told exactly what terms to look for in these documents, and the nature of his work required no legal analysis whatsoever.

30.     To be sure, Plaintiff's work was conducted in North Carolina and related to an MDL litigation in the Northern District of Ohio.  Plaintiff was not admitted to practice law either jurisdiction.

31.     As such, Plaintiff did not practice law as part of his employment with Defendants.

32.     Defendants paid Plaintiff $25 per hour.

33.     Plaintiff was required to work and routinely worked 45-55 hours per week.

34.     Defendants paid Plaintiff for the hours he worked in excess of 40 per week at his regular hourly wage rather than at one and one half times his regular hourly wage.

35.     Defendants committed the foregoing acts against the Plaintiff and the FLSA Collective Plaintiffs.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)

36.     Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

37.     Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

38.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rate of one and a half times their regular rate for hours worked in excess of forty (40) hours per workweek.

39.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs are entitled to recover their respective unpaid compensation, liquidated (double) damages, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D.     Penalties available under applicable laws;

E.     Costs of action incurred herein, including expert fees;

F.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

G.     Post-judgment interest, as provided by law; and

H.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York         Respectfully submitted,
        October 3, 2013

JOSEPH & KIRSCHENBAUM LLP

By:

D. Maimon Kirschenbaum

Denise A. Schulman
Charles E. Joseph
233 Broadway
5th Floor
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiff and proposed*
*FLSA Collective Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.