Exhibit 1

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys at Law*

1745 Broadway, 22nd Floor
New York, New York 10019
Telephone: 212.492.2500
Facsimile: 212.492.2501
www.ogletreedeakins.com

Stephanie L. Aranyos
212.492.2505
stephanie.aranyos@ogletreedeakins.com

February 4, 2014

D. Maimon Kirschenbaum, Esq.
JOSEPH, & KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10297

RE:   David Lola v. Skadden, Arps, Slate, Meagher & Flom LLP & Tower Legal Staffing,
      Inc., U.S.D.C., S.D.N.Y., 13-CV-5008 (RJS)

Dear Maimon:

As you know, this firm represents Tower Legal Staffing, Inc. ("Tower") in its defense of the above-referenced action filed by David Lola ("Lola" or "Plaintiff"). It has come to our attention that the Amended Complaint contains grossly inaccurate facts demonstrating a lack of due diligence and a plain violation of Federal Rule of Civil Procedure ("FRCP") 11(b). This "safe harbor" letter is being provided pursuant to FRCP 11(c)(2).

On January 28, 2014, Lola, a licensed attorney, submitted his resume to Tower in response to an advertisement seeking contract attorneys for a document review project. A copy of Lola's resume is attached hereto as Exhibit "A". In his resume, Lola admits that the work conducted for Tower was much more than alleged in the Amended Complaint and supports our position that the Amended Complaint purposefully omitted facts to create a frivolous cause of action. We write to formally demand that you and your client withdraw, with prejudice, this action in its entirety. Tower is prepared to file a motion for sanctions pursuant to FRCP 11 should you and your client choose not to comply with this request. A copy of the Notice of Motion is attached hereto as Exhibit "B".

Under FRCP 11, an attorney who signs a pleading certifies, among other things, that the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" the claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and "the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Further, 28 U.S.C. § 1927 provides that the Court may award sanctions against a party or a party's attorney for engaging in vexatious litigation. Your client's Amended Complaint violates FRCP 11 and 28 U.S.C. § 1927 because it is abundantly clear, based upon Lola's January 28th resume, that the allegations are lacking in support and the lawsuit was filed in an attempt to harass Tower.

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver
Detroit Metro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis
Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh
Portland ▪ Raleigh ▪ Richmond ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Stamford ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

February 4, 2014
Page 2



"[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness;" good faith generally is not a defense. *In Re Australia & New Zealand Banking Group Ltd. Securities Litig.*, 712 F. Supp. 2d 255, 265 (S.D.N.Y. 2010). In imposing FRCP 11 sanctions, the *In Re Australia Court* emphasized that "an attorney has an affirmative duty [under FRCP 11] to make a 'reasonable inquiry into the facts and the law.'" *Id.* at 263 (citations omitted). If a competent attorney cannot form a reasonable belief that a pleading is well grounded in fact after conducting a reasonable inquiry, then the pleading violates FRCP 11(b)(3). *Id.* Sanctions are also appropriate where facts are blatantly false. *See Levine v. F.D.I.C.*, 2 F.3d 476, 479 (2d Cir. 1993) (affirming FRCP 11 sanctions and finding that "the creativity of an attorney may not transcend the facts of a given case" and counsel's attempts at creativity that are not well grounded, "and therefore exceeded the bounds of conduct . . . incorporated in Fed. R. Civ. P. 11") (quotations omitted).

Lola's January 28th resume contradicts the facts alleged in the Amended Complaint, the representations made by you in Court at the pre-motion conference held on October 31, 2013 and the arguments raised in Plaintiff's Opposition to Defendant's Motion to Dismiss. Specifically, Lola admits in his January 28th resume that his "legal experience" includes, not only "document review," but also "quality control," "privilege logging," and "redactions."

Paragraph 28 of the Amended Complaint states unequivocally that "Plaintiff's entire responsibility while working for Defendants consisted of (a) looking at documents to see what search terms, if any, appeared in the documents, (b) marking those documents into the categories predetermined by Defendants, and (c) at times drawing black boxes to redact portions of certain documents based on specific protocols that Defendants provided." Similarly, Paragraph 29 alleges, among other things, that "Plaintiff was told exactly what terms to look for in these documents, and the nature of his work required no legal analysis whatsoever." Lola admits that his responsibilities included "document review" and "quality control, privilege logging and redactions." Therefore, a reasonable inquiry into the facts and the law, along with Plaintiff's own admission, demonstrates that the allegations regarding Plaintiff's duties and responsibilities are false and "utterly lacking in support." *See In Re Australia*, 712 F. Supp. 2d at 263-64 (imposing FRCP 11 sanctions where paragraph in original complaint was objectively unreasonable and utterly lacking in support).

In addition to the Amended Complaint, such factual inaccuracies were represented by you at the October 31 pre-motion conference. At the pre-motion conference, counsel insistently stated before the Court that "[t]his individual is required to do one thing and one thing only, and that is locate search terms on documents and categorize the documents based on predesignated categories," (p. 8, lines 22-25) and that the:

> facts in the complaint lay out exactly what this individual's duties were from beginning to end. All he did are the things listed in the complaint. I think given that that is the entire scope of his duties, I think it is clear that in any jurisdiction that it does not constitute the practice of law

February 4, 2014
Page 3



(p. 9, lines 21-25). These misrepresentations to the Court continued in Plaintiff's Opposition to Defendant's Motion to Dismiss. You represent that "Plaintiff's work consisted of the mechanical application of the review protocols created by Skadden and did not involve the use of any legal judgment or discretion." (Opp. at 9.) This is blatantly false, as Lola admits that he engaged in quality control and drafted privilege logs. Further still you assert that "Plaintiff's Complaint does not seek to 'hide the ball.'" (Opp. at 11.) Lola's January 28th resume proves that the Amended Complaint does "hide the ball" as it fails to assert that Lola engaged in "privilege logging," "redactions" and "quality control." You again, misrepresent, that Plaintiff's responsibilities in litigation were "solely to review documents for search terms and occasionally black out words according to detailed instructions." (Opp. at 18.) Furthermore, you admit that attorneys apply legal training when, among other things, they "determine which types of documents are privileged." (Opp. at 17.) Thus, Lola's admission that he engaged in privilege logging shows that, even under your arbitrary standard, he was engaged in the practice of law. Your statements that Plaintiff did not engage in any legal analysis are clearly erroneous in light of Plaintiff's own admissions. *See Levine*, 2 F.3d at 479 (affirming FRCP 11 sanctions where plaintiff's own admissions prevented counsel from substantiating said claims in documents submitted to court).

As illustrated, you repeatedly have claimed that Lola did not engage in the practice of law, even as Tower has insisted that he engaged in those types of tasks and that he now admits to performing—privilege logging, quality control, and document redaction. These representations form the core of Lola's argument and yet you have represented that such facts never existed. Such repeated misrepresentations to the Court evidence willful, improper conduct warranting sanctions. *See NMD Interactive, Inc. v. Chertok*, No. 11 Civ. 6011, 2013 WL 1385213, at *11-13 (S.D.N.Y. Mar. 18, 2013) (Sullivan, J.) (misrepresentations were willful when appearing throughout submissions, including after sanctioned counsel was pointed to their inaccuracy).

Moreover, the filing of meritless claims by experienced counsel has been found to give rise to a "strong inference . . . [of] an improper purpose" in the FRCP 11 context. *Huettig & Schromm, Inc. v. Landscape Contractors Council*, 582 F.Supp 1519, 1522 (N.D. Cal 1984), *aff'd*, 790 F.2d 1421 (9th Cir. 1986). Even then, the repetitive filing of inaccurate claims has resulted in sanctions against *pro se* litigants having limited legal education and experience, parties which are accorded greater latitude in litigation. *See NMD Interactive*, 2013 WL 1385213, at *12 (sanction issued against *pro se* litigant having prior legal education and experience). Not only are Lola's claims frivolous, but it is clear that they are intended at least in part to harass Tower and its clients, and possibly intended to extort a settlement. This proposition is evidenced by your query "I wanted to know if Tower would drop its MTD if we dropped Skadden as a defendant." Your litigation tactics border on extortion, and should not be condoned.

In an effort to expedite moving forward with this litigation, Tower shares the above information with you regarding Lola's resume. This is all information that you and your firm's reasonable diligence should have uncovered. Tower should not have to educate you regarding basic information about your own client. Accordingly, the allegations in the Amended Complaint, the statements made at the pre-motion conference, and the assertions in Plaintiff's Opposition do not have and will not have, even after further investigation or discovery, any

February 4, 2014
Page 4



evidentiary support. Indeed, these allegations are not simply isolated misstatements, but rather central to the viability of Plaintiff's pleading. *See In Re Australia*, 712 F. Supp. 2d at 265 (imposing FRCP 11 sanctions where a material allegation, which was the "crux" of the complaint, was utterly lacking in support). For the foregoing reasons, pursuant to FRCP 11, Plaintiff must withdraw his Complaint with prejudice.

Sincerely,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Stephanie L. Aranyos*

Stephanie L. Aranyos

SLA:saf
Enclosures

cc: Brian Gershengorn, Esq. *(via e-mail)*

# Exhibit A

**From:** dlola@lolalawoffice.com [mailto:dlola@lolalawoffice.com]
**Sent:** Tuesday, January 28, 2014 2:32 PM
**To:** NC Project
**Subject:** Project Railroad

Dear Hiring Manager,

I am applying for a position on Project Railroad.  I am an active, licensed, and in good standing in at least one US jurisdiction.  I have over two years of document review experience and have substantial labor and employment law experience.  I am licensed in California.

Very Truly Yours,

David J. Lola, Esq.
Law Office of David J. Lola
100 North Tryon St.
Ste. B220 PMB 273
Charlotte, NC 28202
(619) 400-3122
dlola@lolalawoffice.com

"In matters of truth and justice, there is no difference between large and small problems, for issues concerning the treatment of people are all the same."

~ Albert Einstein

Privileged Communications
E-mails sent by David J. Lola are intended only for the use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, it is hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you receive a communication in error, please notify the sender of the communication immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

1

# David James Lola, Esq.

100 North Tryon Street
Suite B220 PMB 273
Charlotte, North Carolina 28202
(619) 400-3122   dlola@lolalawoffice.com

## BAR MEMBERSHIPS
U.S. Patent Office, California, North Carolina (Pending)

## EDUCATION
University of Texas at Austin                               Bachelor of Science in Chemistry, 1998
University of San Diego School of Law                                    Juris Doctor, May 2003

## LEGAL EXPERIENCE
**Contract Document Reviewer;** Charlotte, NC;                             April 2012 – July 12, 2013
Performed electronic document review using Relativity by Kcura related to multi-district litigation for health products.  Acted as quality control, privilege logging, and redactions.

**Hire Counsel, Inc.;** Charlotte, NC; Document Reviewer              August 2011 – October 2011
Performed electronic document review on several platforms including Relativity by Kcura, Ringtail, and Kroll.  Focused on financial products and patent issues.

**Law Office of David J. Lola;** San Diego, CA; Principal Attorney          May 2009 – March 2011
Reviewed voluminous documents associated with mortgage-related lawsuits, securities lawsuits, and franchise lawsuits.

**Sunderland | McCutchan, LLP;** San Diego, CA; Associate Attorney       January 2006 – May 2009
Reviewed lengthy real estate transaction files for production during discovery.  Evaluated documents for the application of privilege.  Prepared objections and responses to requests for admission and interrogatories.  Managed mortgage and real estate transfer documents for auditor review.

**Hire Counsel, Inc.;** San Diego, CA; Document Reviewer              October 2005 – November 2005
Reviewed documents under 16 CFR 803 Request, from the Department of Justice, for approval of merger of tech companies.

**McMillan Law Firm;** La Mesa, California; Associate Attorney              June 2004 – May 2005
Prepared documents and objections to request for documents for production to opposing counsel. Propounded requests for production of documents and other written discovery to opposing party.

**Office of Chief Counsel to IRS;** San Diego, California; Extern          January 2002 – August 2002
Reviewed voluminous tax petitioner files for preparation for litigation before Tax Court by prosecutors.

## SCIENCE & TECHNOLOGY EXPERIENCE
**Pfizer Global Research and Development**; San Diego, California; Assistant Scientist II
June 2000 – January 2002
**Warner Lambert,** San Diego CA; San Diego, California; Assistant Scientist II
June 1999 – June 2000
**Agouron Pharmaceuticals, Inc.;** San Diego, California; Assistant Scientist I
June 1998 – June 1999
**University of Texas at Austin College of Pharmacy;** Medicinal Chemistry Department; Chemist
August 1997 – May 1998

## INTERESTS
Hiking, Biking, Reading, Snowboarding, Surfing, Tennis, Archery, World Politics, & Fitness

## SKILLS
Relativity, Ringtail, Kroll, Attenex, Public Speaking, Email Setup, Microsoft Word, & Excel

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DAVID LOLA, on behalf of himself and others similarly situated, | : | |
| Plaintiff, | : | |
| -against- | : | 13-CV-5008 (RJS) |
| SKADDEN, ARPS, MEAGHER, SLATE & FLOM LLP and TOWER LEGAL STAFFING, INC., | : | **NOTICE OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11(b)** |
| Defendants. | : | |

## NOTICE OF MOTION FOR FED. R. CIV. P. 11 SANCTIONS

**PLEASE TAKE NOTICE THAT,** upon the accompanying February 4, 2014 safe

harbor letter, defendant Tower Legal Staffing, Inc. ("Defendant") will move this Court before the

Honorable Richard J. Sullivan, United States District Judge, at the United States District Court

for the Southern District of New York, Thurgood Marshall United States Courthouse

40 Foley Square, New York, New York 10007, on a date and at a time to be designated by the

Court for an order issuing monetary sanctions against Plaintiff and his counsel, D. Maimon

Kirschenbaum ("Counsel") of Joseph, & Kirschenbaum LLP, for the material misstatements in

Plaintiff's Complaint against Defendant.

The repeated inaccuracies alleged against Defendant contained in (1) Plaintiff's First

Amended Complaint at Paragraphs 28 and 29, (2) Plaintiffs' Opposition to Defendant's 12(b)(6)

Motion to Dismiss, and (3) Plaintiff's oral representations at the pre-motion conference held on

October 31, 2013 could have been avoided with a reasonable inquiry into the facts and the law.

1

Because Plaintiff and his counsel failed to employ the relevant information and substantiate the allegations with proper evidentiary support, counsel has repeatedly made false representations before this Court.

**WHEREFORE**, Defendant requests that this Court sanction Plaintiff and his counsel in accordance with Fed. R. Civ. P. 11(b) by: (i) striking Plaintiff's demand for attorneys' fees, (ii) awarding Defendant its reasonable expenses and attorneys' fees incurred in bringing this motion, and (iii) awarding any other relief this Court deems just and proper.

Dated: New York, New York
        February __, 2014

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By s/Stephanie L. Aranyos
    Stephanie L. Aranyos
    Brian J. Gershengorn
1745 Broadway, 22nd Floor
New York, New York  10019
(212) 492-2500

*Attorneys for the Defendants*
*Tower Legal Staffing*

2