USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08.28.15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID LOLA, *on behalf of himself and all others similarly situated*,

                Plaintiffs,

-v-

SKADDEN, ARPS, MEAGHER, SLATE & FLOM LLP, *et uno*,

                Defendants.

No. 13-cv-5008 (RJS)
ORDER

---

RICHARD J. SULLIVAN, District Judge:

     Plaintiff David Lola brings this putative collective action against Defendants Skadden, Arps, Slate, Meagher and Flom LLP ("Skadden") and Tower Legal Staffing, Inc. ("Tower") for violations of the overtime provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, arising out of Lola's work as a contract attorney in North Carolina. Defendants principally argue that Plaintiff was exempt from the overtime provision of the FLSA as a licensed attorney actually engaged in the practice of law. On September 16, 2014, the Court issued an Opinion and Order granting Defendants' motion to dismiss, concluding that (1) application of the "practice of law" exemption turns on state law rather than federal common law, (2) the appropriate state law to be applied in this case is that of North Carolina, where Plaintiff worked, and (3) under North Carolina law, Plaintiff was engaged in the practice of law and therefore subject to the FLSA exemption for attorneys. (Doc. No. 35.) On October 12, 2014, Plaintiff filed a notice of appeal. On July 23, 2015, the Second Circuit issued an opinion that affirmed the Court's rulings as to (1)

the applicability of state law, rather than federal common law, in assessing the definition of "practice of law," and (2) the choice of North Carolina law as the proper authority to determine whether Plaintiff engaged in the "practice of law." (Doc. No. 40 at 2.) However, the Second Circuit found that the Court "erred in concluding that engaging in document review per se constitutes practicing law in North Carolina." (*Id.* at 16.)

As an initial matter, the Court notes that it did not find that "document review per se constitutes practicing law in North Carolina," merely that the facts alleged in the complaint supported a finding under North Carolina law that Plaintiff was engaged in the practice of law and therefore exempt from the overtime provisions of the FLSA. Nevertheless, in reversing the Court's decision, the Second Circuit interpreted a North Carolina State Bar ethics opinion on whether the use of foreign assistants constitutes the unauthorized practice of law and two North Carolina state court cases on the "scrivener's exception" to the unauthorized practice of law to "strongly suggest[] that inherent in the definition of 'practice of law' in North Carolina is the exercise of at least a modicum of independent legal judgment." (*Id.* at 16-17.) The Second Circuit then listed a series of cases involving the unauthorized practice of law in *other* jurisdictions as support for its interpretation of North Carolina law. (*Id.* at 17-18.) From there, the Second Circuit concluded that "an individual who, in the course of reviewing discovery documents, undertakes tasks that could otherwise be performed entirely by a machine cannot be said to engage in the practice of law." (*Id.* at 19.) This pronouncement, made without citation to North Carolina law or any other authority, appears to have been derived from statements made by counsel at oral argument. (*Id.* at 18-19.) It also offers little guidance as to the basis for the implicit factual conclusion that the work performed by Plaintiff could in fact have been performed by a "machine." More importantly, this

machine-based standard – whether dicta or the actual holding of the opinion – could have potentially broader implications for the legal profession and the law, as new technologies and software enable "machines" to perform tasks that have heretofore been recognized as attorney work, including legal research and the drafting of legal documents such as wills and even complaints.  *See, e.g.*, John Markoff, *Armies of Expensive Lawyers, Replaced by Cheaper Software*, N.Y. Times (Mar. 4, 2011), http://nyti.ms/1fIPwk4; Davey Alba, *Your Lawyer May Soon Ask This AI-Powered App for Legal Help*, Wired (Aug. 7, 2015), http://wrd.cm/1IlOEJc.

Accordingly, in light of the Second Circuit's mandate, which was issued on August 18, 2015 (Doc. No. 42), IT IS HEREBY ORDERED THAT the parties shall appear for a conference on September 10, 2015 at 3:30 p.m. to discuss these issues as they relate to next steps in this litigation.  The parties shall be prepared to discuss Plaintiff's contemplated motion for conditional certification (Doc. No. 43) and Defendant Skadden's renewed motion to dismiss on the grounds it was not Plaintiff's "employer" as defined by the FLSA (Doc. No. 45).

SO ORDERED.

Dated:      August 28, 2015
            New York, New York

                                        _____
                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE