UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
DAVID LOLA, on behalf of himself and
others similarly situated,

         Plaintiff,

    -against-           13-CV-5008 (RJS)

SKADDEN, ARPS, MEAGHER, SLATE &
FLOM LLP, and TOWER LEGAL
STAFFING, INC.,

         Defendants.
------------------------------------------------------------------------

## DEFENDANT TOWER LEGAL SOLUTIONS D/B/A TOWER LEGAL STAFFING, INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Tower Legal Solutions d/b/a Tower Legal Staffing, Inc., ("Tower", or "Defendant"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by way of Answer to the First Amended Complaint ("Complaint"), states as follows:

### AS TO JURISDICTION AND VENUE

1. The allegations contained in paragraph 1 of the Complaint assert conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 1 of the Complaint, except to admit that district courts have original jurisdiction of all civil actions arising under the Constitutions, laws, or treaties of the United States and refers the Court to 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 28 U.S.C. § 1337, each of which speaks for itself, and that plaintiff purports to bring a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint, except to admit that venue is proper in this District.

## AS TO THE PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint, and leaves Plaintiff to his proofs.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint, and leaves Plaintiff to his proofs.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint, except to admit that at the time Plaintiff was employed by Defendant Tower he held a license to practice law from the State of California.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint, except to admit Plaintiff was employed by Defendant Tower.

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint, and leaves Plaintiff to his proofs.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint, and leaves Plaintiff to his proofs.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint, and leaves Plaintiff to his proofs.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     The allegations contained in paragraph 15 of the Complaint assert conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 15 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Defendant denies the allegations contained in paragraph 16 of the Complaint, except to admit that the Complaint purports to bring an FLSA collective action.

17.     The allegations contained in paragraph 17 of the Complaint assert conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     The allegations contained in paragraph 18 of the Complaint assert conclusions of law as to which no response is required. To the extent a response is required, Defendant refers the Court to the FLSA, which speaks for itself.

## FACTS

19.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint, and leaves Plaintiff to his proofs, except to admit that the Complaint served on Defendant contained a consent to sue form.

20.     Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.      Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint, and leaves Plaintiff to his proofs, except to admit that Plaintiff's work was conducted in North Carolina.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant admits the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint, except to admit that Defendant paid Plaintiff for all hours worked.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

## AS AND FOR THE FIRST CLAIM FOR RELIEF

36. Defendant repeats and realleges its responses to paragraphs 1 through 35 of the Complaint as if set forth in full herein.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

## "PRAYER FOR RELIEF"

Defendant denies that Plaintiff is entitled to judgment against it and further denies that Plaintiff is entitled to any of the relief set forth in the "Prayer for Relief" clause of the Complaint or to any other relief.

**DENIAL OF SUBHEADINGS**

Defendant denies each and every allegation raised in the subheadings of the Complaint.

**GENERAL DENIAL**

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

At this time, Defendant asserts the following affirmative and other defenses, without assuming the burden of proof on any defense except as required by applicable law.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Subject to proof through discovery, Plaintiff's claims or damages are barred in whole or in part by the doctrines of waiver, estoppel and/or unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are not properly the subject of a collective action pursuant to 29 U.S.C. § 216(b) because they are not similarly situated.

**FIFTH AFFIRMATIVE DEFENSE**

At all times, Defendant acted in conformity with interpretations of the FLSA, 29 U.S.C. § 201 *et seq*., made by the Wage and Hour Division of the U.S. Department of Labor.

**SIXTH AFFIRMATIVE DEFENSE**

Any alleged violations of the FLSA were not willful and, therefore, any claims for overtime pay by Plaintiff that occurred more than two years prior to the date Plaintiff filed the

Complaint or the date any similarly situated employee opts-in to this civil action are barred by the two-year statute of limitations provided in 29 U.S.C. § 255.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff and/or any allegedly similarly situated employee did not work more than forty (40) hours in any given work week and, therefore, are not entitled to overtime under § 207 of the FLSA.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to mitigate his damages, he is not entitled to relief.

### NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to state a claim that would support the award of compensatory or punitive damages against Defendant.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to be, and is not, an adequate representative of the putative collective action.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., is barred because plaintiff was a licensed attorney engaged in the practice of law, and thus was employed in a bona fide professional capacity pursuant to 29 U.S.C. §§ 213(a)(1), 541.304(a)(1).

### TWELFTH AFFIRMATIVE DEFENSE

Defendant denies that plaintiff and/or any purported class members have suffered any injury or damage whatsoever, and further denies that it is liable to plaintiff and/or to any purported class member for any of the injury or damage claimed or for any injury or damage whatsoever.

### THIRTEENTH AFFIRMATIVE DEFENSE

If any failure to pay plaintiff overtime wages was unlawful, although such is not admitted, defendants had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

### FOURTEENTH AFFIRMATIVE DEFENSE

The failure to pay plaintiff overtime wages was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred to the extent prosecution of his claims and those of the proposed class or collective action would infringe on the attorney client privilege and work product protections owed to Defendant's client.

### SIXTEENTH AFFIRMATIVE DEFENSE

The alleged causes of action are barred, in whole or in part, by exemptions, exclusions, offsets, and credits in the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 213.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Neither plaintiff nor any purported class member is entitled to liquidated damages or attorney's fees because Defendant did not commit a willful violation of the Fair Labor Standards Act.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The alleged causes of action are barred, in whole or in part, because Defendant has, to the extent required, substantially complied with any and all applicable statutes, regulations, and/or laws.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because his prosecution of these claims is inconsistent with his ethical duty of confidentiality.

**RESERVATION OF RIGHTS**

In addition to the foregoing defenses, Defendant reserves the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

**WHEREFORE**, Defendant requests that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting to Defendant its costs and attorneys' fees; and granting to Defendant such other relief as the Court may deem just and proper.

Dated: New York, New York
September 30, 2015

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: s/ Stephanie L. Aranyos
    Stephanie L. Aranyos
1745 Broadway, 22nd Floor
New York, New York 10019
(212) 492-2500
stephanie.aranyos@ogletreedeakins.com

*Attorneys for Defendant Tower Legal Solutions d/b/a Tower Legal Staffing, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on September 30, 2015, the foregoing DEFENDANT TOWER LEGAL SOLUTIONS D/B/A TOWER LEGAL STAFFING, INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel of record for the Plaintiff, and by serving same on counsel for Plaintiff, via electronic and regular mail, as follows:

> D. Maimon Kirschenbaum
> Denise A. Schulman
> JOSEPH & KIRSCHENBAUM LLP
> 32 Broadway, Suite 601
> New York, New York 10004
> 212-688-5640
> *Attorneys for Plaintiff*

> By: s/Stephanie L. Aranyos
> Stephanie L. Aranyos