# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Laura Reznick

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.JK-LLP.com

December 15, 2015

**VIA ECF AND E-MAIL**

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: **Lola v. Skadden, Arps, Meagher, Slate & Flom LLP**
       No. 13 Civ. 5008(RJS)

Dear Judge Sullivan:

  As the Court is aware, we represent the Plaintiffs in the above-captioned matter. We write in advance of the December 21, 2015 Fairness Hearing to submit for the Court's approval of the settlement agreement in this Fair Labor Standards Act ("FLSA") action.

  Plaintiff David Lola filed his complaint on July 18, 2013 alleging that Defendants violated the FLSA by failing to pay him an overtime premium for hours worked in excess of 40 per week. Plaintiff performed document review as a contract attorney in North Caroline. Defendants moved to dismiss the action, arguing, *inter alia*, that Plaintiff was an exempt professional under the FLSA because he was a licensed attorney engaged in the practice of law. This Court granted Defendants' motion on September 16, 2014 and dismissed the action. Plaintiffs appealed the dismissal, and the Second Circuit reversed the dismissal on August 19, 2015. In addition to the named Plaintiff, two Opt-In Plaintiffs have joined this action (the named and Opt-In Plaintiffs are referred to collectively as "Plaintiffs").

  The settlement is fair and reasonable and should be approved. As discussed at the December 2, 2015 settlement conference before Your Honor, and will be addressed in further detail at the Fairness Hearing, each Plaintiff will receive from the settlement all of his or her maximum compensatory damages, which were determined based on Defendants' payroll and time records and are not disputed. Each Plaintiff will also receive one-third of his or her maximum liquidated damages. In addition, in recognition of the named Plaintiff's role in bringing this case and the actual and potential negative impact of publicity of the case on his job prospects, the Plaintiff will receive an additional enhancement award.

While this recovery would warrant approval under any circumstances, it is a particularly excellent result for this case. Although Plaintiffs defeated a motion to dismiss, the question of how much judgment can be exercised by a contract attorney before he or she is professionally exempt is still an unsettled question. After the record is further developed, Defendants will almost certainly move for summary judgment. Moreover, in light of the fact that this Court granted a motion to dismiss for failure to state a claim, there is a strong likelihood that if Plaintiffs established liability, Defendants would successfully argue that any violations of the FLSA were made in good faith. If that happened, Plaintiffs would not be entitled to liquidated damages. In light of these risks, Plaintiffs' recovery – after attorneys' fees – of more than their compensatory damages is clearly fair and reasonable. *See, e.g., Meigel v. Flowers of the World, NYC, Inc.*, No. 11 Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.*, No. 11 Civ. 7410, 2011 U.S. Dist. LEXIS 144798, at *2 (S.D.N.Y. Dec. 13, 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

The settlement agreement also provides for a payment of attorneys' fees and costs to Plaintiffs' counsel. Under the FLSA, a prevailing party is entitled to recover his or her reasonable attorneys' fees and costs. While courts frequently approve attorneys' fees in FLSA cases on a percentage basis, they also consider the lodestar –the reasonable hours expended multiplied by a reasonable hourly rate – as the "presumptively reasonable fee." *Gaspar v. Personal Touch Moving, Inc.*, No. 13 Civ. 8187, 2015 U.S. Dist. LEXIS 162243, at *3 (S.D.N.Y. Dec. 3, 2015). In this case, Plaintiffs' counsel's lodestar exceeds $90,000. Moreover, it was the fee shifting nature of the FLSA and the size of Plaintiffs' counsel's lodestar that enabled Plaintiffs to negotiate as large a settlement as they did. As the Court approved at the settlement conference, Plaintiffs will disclose at the fairness hearing the precise amount of the attorneys' fees they are to receive under the settlement agreement. However, under the settlement agreement they will receive *less than half* of their lodestar. Accordingly, the attorneys' fees and costs are clearly reasonable.

For the foregoing reasons, the settlement is fair and reasonable and should be approved. We thank the Court for its attention to this matter.

Respectfully submitted,

D. Maimon Kirschenbaum

cc: All Counsel (via ECF)