USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-22-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID LOLA, *on behalf of himself and all others similarly situated*,

                      Plaintiffs,

-v-

SKADDEN, ARPS, MEAGHER, SLATE & FLOM LLP, *et uno*,

                      Defendants.

---

No. 13-cv-5008 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Now before the Court is a letter from the parties seeking final approval of their Stipulation and Agreement of Settlement (the "Settlement"). (Doc. No. 53.) For the reasons stated on the record at the fairness hearing held yesterday, the Court finds that the Settlement is fair and reasonable.[1] Under the terms of the Settlement, Plaintiff Lisa Lewis will receive $7,527.13, which represents full payment of the overtime she would have been entitled to under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, had she succeeded on her claims, as well as a separate payment of $2,483.95, which represents 33 percent of the liquidated damages she would have received were the alleged violations of the FLSA found to be willful, *see* 29 U.S.C. § 260. Plaintiff Gerald Rush will receive $8,725.88, which represents full payment of the overtime he would have been entitled to under the FLSA had he succeeded on his claims, and a separate payment $2,879.54, which represents 33 percent of the liquidated damages

---

[1] The Court will address its approval of the Settlement's non-disclosure and waiver and release of claims provisions in an opinion to follow.

he would have received were the alleged violations of the FLSA found to be willful. Finally, Plaintiff David Lola will receive a payment of $7,689.25, which represents full payment of the overtime he would have been entitled to under the FLSA had he succeeded on his claims, and a separate payment of $7,310.75, which represents 33 percent of the liquidated damages he would have received were the alleged violations of the FLSA found to be willful plus an additional "incentive award" of nearly $5,000 for being the first named plaintiff in this matter. *See, e.g., McBean v. City of New York*, 233 F.R.D. 377, 391 (S.D.N.Y. 2006) (approving incentive award for named plaintiffs). Accordingly, IT IS HEREBY ORDERED THAT the Court grants final approval of the Settlement. The Court further finds that the request of Plaintiff's counsel for attorneys' fees and litigation costs and expenses in this action is fair and reasonable. Accordingly, IT IS FURTHER ORDERED THAT Plaintiff's counsel is hereby awarded attorneys' fees and costs as set forth in the Settlement.

The Court shall retain exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

SO ORDERED.

Dated: December 22, 2015
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE